IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| Antonio SEAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:07-CV-88 (CAR) |
| | : | |
| Warden Steve ROBERTS, Comm'r | : | |
| James E. DONALD, Former Warden | : | |
| Tydus MEADOWS, Deputy Warden | : | |
| John FORD, Sergeant HOLSEY, and | : | |
| Deputy Warden Kathy McDADE | : | |
| | : | |
| Defendants. | : | |

_____

*ORDER ON THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 7] that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed, Plaintiff's grievance claims be dismissed, and Plaintiff's medical claims against all Defendants, except Defendants ROBERTS and MCDADE, be dismissed. Plaintiff subsequently filed an Objection [Doc. 9] to the Recommendation. Having considered the Recommendation and the Objection, the Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**.

*BACKGROUND*

Plaintiff Antonio SEAY, an inmate at Washington State Prison in Davisboro, Georgia, alleges that on July 24, 2006, he was moved into a cell with another inmate against his wishes. According to the complaint, the Plaintiff's objection concerned the other inmate's status as a mental health inmate. On the same day, Plaintiff's cellmate became agitated and activated the

1

fire sprinkler in the cell, causing water to be sprayed in Plaintiff's eyes. While descending from his upper bunk to call for help, Plaintiff slipped and fell, injuring his back. Following the incident, Plaintiff received six (6) medical visits, x-rays were taken, and an MRI scan was performed on his back. Despite the treatment, Plaintiff alleges that his back remains injured.

In his complaint [Doc. 1], Plaintiff brings claims for his injuries, grievance claims, and medical claims against the following Defendants: Sergeant HOLSEY; James E. DONALD, Commissioner, Georgia Department of Corrections; Tydus MEADOWS, former Warden; Steve ROBERTS, Warden; John FORD, Deputy Warden of Security; and Kathy McDADE, Deputy Warden of Care and Treatment. Plaintiff seeks declaratory relief, injunctive relief in the form of further physical therapy and treatment by a "qualified physician," and monetary damages.

## *DISCUSSION*

i. Injury Claims

The Magistrate Judge recommended that Plaintiff's injury claims related to the July 24, 2006 incident be dismissed. Plaintiff apparently challenges the policy of placing two inmates in a single cell and, in any event, claims that it should not have been in the instant case. A prison official violates the Eighth Amendment only if he is aware of an increased risk of violence from such a double-occupation policy. Farmer v. Brennan, 411 U.S. 825, 837 (1994). However, such a policy in and of itself does not violate any of Plaintiff's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981). Plaintiff does not allege that his injuries were caused by a violent action directed at Plaintiff.

Additionally, a prison official violates the Eighth Amendment when there exists a "deliberate indifference" to a substantial risk of serious harm to an inmate. Helling v. McKinney,

509 U.S. 25 (1993). However, to be held liable for resulting injuries, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 411 U.S. 825, 837 (1994). Deliberate indifference exists only where the known risk of injury is "a strong likelihood, rather than a mere possibility." Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1998).

Plaintiff has not alleged any facts to establish that a prison official anticipated a substantial risk of injury, let alone an injury arising from such an unlikely chain of events. Plaintiff's Objection is based upon his theory that prison officials knew or should have known about the safety risk; however, as stated above, this allegation is not enough to state a cause of action under any theory of liability. Furthermore, even if Plaintiff had warned prison officials that he feared the risk of violence, Plaintiff's cellmate never acted violently against him. Plaintiff cites a plethora of case law, but none support his arguments.

Having considered the Magistrate Judge's Recommendation and Plaintiff's Objections, the Court agrees with the Recommendation. Therefore, Plaintiff's injury claims are **DISMISSED**.

      ii.     Grievance Claims

Likewise, the Magistrate Judge recommended Plaintiff's grievance claims be dismissed. The Eleventh Circuit has held that a prisoner has no constitutionally-protected liberty interest in an inmate grievance procedure. Dunn v. Martin, No. 04-03566, 2006 WL 1049403, at *2 (11th Cir. Apr. 21, 2006); see also Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Therefore, a failure to timely resolve Plaintiff's administrative appeal violates none of Plaintiff's constitutional rights.

Plaintiff objects to the Recommendation, claiming that the failure to timely respond to his administrative appeal denies him his "due process rights of the First and Fourteenth Amendments." In support, Plaintiff cites numerous cases, none of which are relevant to the matter at hand.

The Court, having considered the Recommendation of the Magistrate Judge and the Plaintiff's Objection, agrees with the Recommendation. Therefore, Plaintiff's grievance claims are **DISMISSED**.

      iii.    Medical Claims

Finally, the Magistrate Judge recommended Plaintiff's medical claims be dismissed with respect to all Defendants except ROBERTS and McDADE. Plaintiff seeks injunctive relief in the form of further treatment for his back injuries. Roberts and McDade are the only proper defendants for purposes of Plaintiff's claims.

Plaintiff objected to the Recommendation and contends that all named defendants are proper by virtue of their awareness of his injuries and medical needs. Plaintiff also makes a bald accusation that there were systematic deficiencies present in the facility's medical procedures and staffing. Again, Plaintiff's cited case law is entirely irrelevant to his individual claims.

Having considered the Magistrate Judge's Recommendation as well as Plaintiff's Objection, the Court agrees with the Recommendation. Consequentially, Plaintiff's medical claims against all named Defendants except ROBERTS and McDADE are **DISMISSED**.

*CONCLUSION*

For the reasons discussed above, the Court, having considered the Plaintiff's Objection, agrees with the Recommendations of the Magistrate Judge. The Recommendation is therefore

**ADOPTED AND MADE THE ORDER OF THE COURT**.

**SO ORDERED**, this 7th day of August, 2007.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

DHD/aeg