IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTONIO SEAY,

           Plaintiff

VS.

STEVE ROBERTS, *et al.*,

           Defendants

NO. 5:07-CV-88 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

The remaining defendants in the above-styled case have filed A MOTION FOR SUMMARY JUDGMENT which is supported by an attached brief and a number of exhibits. Tab #11. Upon being directed to do so, plaintiff ANTONIO SEAY responded to the defendants' motion, and the plaintiff's response is sworn under penalty of perjury. Tab #17. The proceedings have been assigned for consideration of the undersigned, a full-time United States magistrate judge. The only remaining claim in this case is for injunctive relief[1] and deals with the treatment that plaintiff Seay — an inmate at Washington State Prison — alleges he is being denied in connection with falling and injuring his back on July 25, 2006. *See* Tab #18 at 4.

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

---

[1]The plaintiff's claim for injunctive relief asks that defendant Donald be compelled to:
*(1) Immediately arrange for the plaintiff [sic] back to be examined by a qualified physician;*
*(2) Immediately arrange for the plaintiff need for more physical therapy, and other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment of the spike and nerves; neurosurgeon;*
*(3) Carry out without delay the treatment directed by such medical practitioner.*

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

**FACTS**

Taken in the light most favorable to the plaintiff, which this court is required to do, the evidence herein court shows that plaintiff Antonio Seay was injured when he fell on a wet floor while getting down from his bunk on July 25, 2006. He went to medical and complained about back pain, and a nurse prescribed Ibuprofen. Two days later, Seay was seen by a nurse practitioner who prescribed Motrin for pain and Robaxin to combat muscle spasm. An X-Ray of his spine came back negative for fracture, and no other abnormalities were noted.

Between July and September of 2006, Seay was seen regularly in medical for treatment of his back, was continually prescribed medication for his pain, and was given instructions for physical therapy. However, on October 4, 2006, he was told that "he will not be seen by medical again, nor receive any treatment from [t]here." Seay alleges that as a result, between October 31st and December 19, 2006, he was never called to go to sick call, despite making repeated requests.

The defendants show, however, that an MRI was performed on Seay on December 8, 2006. This MRI revealed that Seay may have degenerative changes and other organic reasons for pain. Upon review of the MRI, prison officials referred Seay to a neurosurgeon; the neurosurgeon did not find any objective data to show a serious spine injury and ordered that the plaintiff continue with his regimen of Motrin and Robaxin.

## DISCUSSION

Plaintiff Seay's case is a classic example of a disagreement in medical treatment which does not give rise to relief pursuant to §1983. ***Waldrop v. Evans***, 871 F.2d 1030, 1033 (11th Cir. 1989). Seay has requested that he be seen by a physician and a neurosurgeon, but he has already been seen by both and — according to the evidence before the court — is currently undergoing the treatment regimen that was prescribed by those medical professionals.

In the view of the undersigned, the medical treatment that Seay is being afforded does not constitute deliberate indifference to his serious medical needs which is required in order for him to prevail on a claim brought pursuant to the Eighth Amendment. *Id.* Accordingly, his claim for injunctive relief must fail.

## CONCLUSION

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #11) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 1st day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE